UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Emanuel L Finch Sr,

          Plaintiff,

   v.

Keith Miller et al.,

          Defendants.

CASE NO. C17-5293 RBL-DWC

ORDER TO SHOW CAUSE

Plaintiff Emanuel L. Finch, Sr., proceeding *pro se*, filed a Complaint pursuant to 42 U.S.C. §1983. *See* Dkt. 1-1. Having reviewed the Complaint, the Court declines to serve the Complaint as Plaintiff is challenging the fact and duration of his confinement, not his conditions of confinement. The Court, however, provides Plaintiff leave to file a habeas corpus petition by June 5, 2017 to cure the deficiencies identified herein.

**BACKGROUND**

Plaintiff, who is currently incarcerated at the Airway Heights Corrections Center ("AHCC") and alleges Defendants violated Plaintiff's Fourth and Sixth Amendment rights when he was arrested in 2010 and convicted in 2011. Dkt. 1-1. Plaintiff requests the Court overturn his

conviction on the grounds Plaintiff was deprived of effective assistance of counsel and Defendant Miller entered into Plaintiff's home without probable cause or a warrant. Dkt. 1-1 at 20.

## DISCUSSION

An "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the prisoner's physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration. With regard to such actions, habeas corpus is now considered the prisoner's exclusive remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973) (internal quotation omitted). "A civil rights action, in contrast, is the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.3d 573, 574 (9th Cir. 1991). Here, Plaintiff challenges his physical confinement, asking the Court to "overturn" his conviction. Dkt. 1-1. As Plaintiff's claims challenge the fact and duration of his custody, his claims are properly raised in a 28 U.S.C. § 2254 petition.

If Plaintiff intends to pursue the claims alleged in his Complaint, he must file a habeas corpus petition on the form provided by the Court, including only claims challenging the fact or duration of his custody. Under Rule 2(a) of the Rules Governing Section 2254 Cases, "the petition must name as respondent the state officer who as custody." Further,

> [t]he petition must: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or person authorized to sign it for the petitioner under 28 U.S.C. §2242.

*Id.* at Rule 2(c). The Petition must "substantially follow" a form prescribed by this Court or the form attached to the Rules Governing Section 2254 Cases. *Id.* at Rule 2(d). The petition should be an original and not a copy, it should contain the same case number, and it may not incorporate

any part of the Complaint by reference. The petition will act as a complete substitute for the Complaint, and not as a supplement. If Plaintiff fails to adequately address the issues raised herein and file a petition on or before June 5, 2017, the undersigned may recommend dismissal of this action.

Plaintiff also filed a Motion for Leave to File Overlength Memorandum in Support of his Complaint. Dkt. 1-2. Plaintiff's Proposed Memorandum is over 200 pages in length. Plaintiff has presented nothing to show the request should be granted, and has not shown this case is unusually complicated or presents novel issues to justify the request. Thus, Plaintiff's Motion is denied. If Plaintiff wishes to pursue this cause of action, he must file an amended pleading which complies with the Local Rules.

The Clerk is directed to: (1) provide Plaintiff with the forms for filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254; (2) re-note Plaintiff's Motion to Proceed *In Forma Pauperis* for June 5, 2017; and (3) provide copies of this Order to Plaintiff.

Dated this 4th day of May, 2017.

David W. Christel
United States Magistrate Judge