UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EMANUEL L FINCH SR,

        Plaintiff,

v.

KEITH MILLER et al.,

        Defendants.

CASE NO. 3:17-CV-05293-RBL-DWC

ORDER

    This 42 U.S.C. § 1983 civil rights action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Before the Court are Plaintiff's (1) Motion to Stay (Dkt. 9) and (2) Motion to Voluntarily Dismiss Defendants Miller and Whitehead and Motion for Extension of Time (Dkt. 10).

    Plaintiff, who is currently incarcerated at the Airway Heights Corrections Center ("AHCC") and alleges Defendants violated Plaintiff's Fourth and Sixth Amendment rights when he was arrested in 2010 and convicted in 2011. Dkt. 1-1. Plaintiff requests the Court overturn his conviction on the grounds Plaintiff was deprived of effective assistance of counsel and

Defendant Miller entered into Plaintiff's home without probable cause or a warrant. Dkt. 1-1 at 20. The Court entered an Order to Show Cause because plaintiff was challenging a current conviction, which he cannot do in a civil rights action. Dkt. 6.

Plaintiff has now filed a Motion to Stay (Dkt. 9), asking the Court to stay this action, which he calls a "petition." Dkt. 9. Plaintiff has also filed a Motion to Voluntarily Dismiss Defendants Miller and Whitehead and Motion for Extension of Time, seeking a 60-day extension to amend his "complaint to the people." Dkt. 10. None of these motions addresses the problems raised in the Court's Order to Show Cause. Plaintiff was previously advised:

> An "action lying at the core of habeas corpus is one that goes directly to the constitutionality of the prisoner's physical confinement itself and seeks either immediate release from that confinement or the shortening of its duration. With regard to such actions, habeas corpus is now considered the prisoner's exclusive remedy." *Preiser v. Rodriguez*, 411 U.S. 475, 503 (1973) (internal quotation omitted). "A civil rights action, in contrast, is the proper method of challenging conditions of confinement." *Badea v. Cox*, 931 F.3d 573, 574 (9th Cir. 1991). Here, Plaintiff challenges his physical confinement, asking the Court to "overturn" his conviction. Dkt. 1-1. As Plaintiff's claims challenge the fact and duration of his custody, his claims are properly raised in a 28 U.S.C. § 2254 petition.
>
> If Plaintiff intends to pursue the claims alleged in his Complaint, he must file a habeas corpus petition on the form provided by the Court, including only claims challenging the fact or duration of his custody. Under Rule 2(a) of the Rules Governing Section 2254 Cases, "the petition must name as respondent the state officer who as custody." Further,
>
>> [t]he petition must: (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or person authorized to sign it for the petitioner under 28 U.S.C. §2242.
>
> *Id.* at Rule 2(c).

Dkt. 6 at 2.[1]

Thus, Plaintiff's Motion to Stay (Dkt. 9) and Motion to Voluntarily Dismiss Defendants Miller and Whitehead (Dkt. 10) are denied without prejudice. The Court will, however, grant Plaintiff's request for an extension (Dkt. 10). Plaintiff is allowed an additional 30 days to comply with the Court's Order to Show Cause. If Plaintiff fails to adequately address the issues raised in the Court's Order to Show Cause and file a habeas petition on or before August 4, 2017, the undersigned may recommend dismissal of this action. The Court will not consider any further extensions without good cause.

The Clerk is directed to: (1) provide Plaintiff with the forms for filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254; (2) re-note Plaintiff's Motion to Proceed *In Forma Pauperis* for August 4, 2017; and (3) provide copies of this Order to Plaintiff.

Dated this 5th day of July, 2017.

David W. Christel
United States Magistrate Judge

---

[1] The Court granted Plaintiff an extension until 7/5/2017 to respond to the Court's Order to Show Cause. Dkt. 8.