1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EMANUEL L FINCH SR,

         Plaintiff,

  v.

KEITH MILLER, PEOPLE OF THE STATE OF WASHINGTON, RICHARD WHITEHEAD,

         Defendant.

CASE NO. 3:17-CV-05293-RBL-DWC

REPORT AND RECOMMENDATION

Noting Date: August 4, 2017

    The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently before the Court is Plaintiff Emanuel L. Finch, Sr.'s "Showing of Good Cause Concerning 42 USC 1983 Complaint & FRAP Rule 41 Notice of Voluntary Dismissal," wherein Plaintiff requests his case be dismissed. Dkt. 12. After review of the record, the undersigned recommends this case be dismissed without prejudice pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

REPORT AND RECOMMENDATION - 1

## BACKGROUND

On April 18, 2017, Plaintiff initiated this lawsuit. Dkt. 1. The Court screened Plaintiff's Complaint and found he is challenging the fact and duration of his confinement, not his conditions of confinement, and directed Plaintiff to file a habeas corpus petition. Dkt. 6.[1] The Court granted two motions for extension of time to respond to the Order and, on July 13, 2017, Plaintiff requested the case be dismissed. *See* Dkt. 8, 11, 12.[2] Plaintiff's Complaint has not been served.

## DISCUSSION

Federal Rule of Civil Procedure 41 sets forth the circumstances under which an action may be dismissed. Under Rule 41(a)(1), an action may be voluntarily dismissed without prejudice by the plaintiff if the plaintiff files a notice of dismissal before the defendant files an answer or summary judgment motion and the plaintiff has not previously dismissed an action "based on or including the same claim." Fed.R.Civ.P. 41(a)(1); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). Once the defendant has responded to the complaint, the action may only be dismissed by stipulation of dismissal signed by all parties who have appeared or "by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(1), (2).

The Court has not directed service of the Complaint in this case. Therefore, Plaintiff requested the dismissal prior to any defendant filing an answer or summary judgment motion. The Court also finds Plaintiff has not previously dismissed an action based on the same claim.

---

[1] The Court notes that, while Plaintiff is challenging the fact and duration of his confinement, Plaintiff filed the operative Complaint under 42 U.S.C. § 1983. Therefore, the Court will analyze his request for dismissal as dismissal of the § 1983 Complaint. *See also* Dkt. 12.

[2] Plaintiff filed a motion for voluntary dismissal and motion for extension of time on June 29, 2017. Dkt. 10. As Plaintiff had requested additional time to respond to the Court's Order, the Court denied the motion for voluntary dismissal without prejudice and granted Plaintiff an extension of time to respond to the Order. *See* Dkt. 11.

1  Therefore, Plaintiff's request for voluntary dismissal (Dkt. 12) should be granted pursuant to
2  Rule 41(a)(1).

3  **CONCLUSION**

4  For the foregoing reasons, the Court recommends the Complaint be dismissed without
5  prejudice and all pending motions be denied as moot.

6  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
7  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
8  6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*
9  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
10 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on
11 August 4, 2017, as noted in the caption.

12 Dated this 14th day of July, 2017.

    David W. Christel
    United States Magistrate Judge